**PHOENIX INDEMNITY CO.**

v.

**NICHOLAS et al.**

**No. 31096.**

United States District Court,
N. D. California, S. D.

April 12, 1954.

Bohnert & Scott, San Francisco, Cal., for plaintiff.

Atkinson & Farasyn, Mountain View, Cal., for defendants.

MURPHY, District Judge.

The above-entitled Court having heard the testimony and having had the case

submitted to it for decision upon briefs now makes the following:

## Findings of Fact

1. At all times material to this case, plaintiff was a corporation organized and existing under and by virtue of the laws of the State of New York and was authorized to and in fact conducting an insurance business in the State of California and within the jurisdiction of this Court.

2. At all times material to this case, defendants A. S. Nicholas and Stephanie Nicholas, and each of them, were citizens and residents of the State of California, residing within the jurisdiction of this Court.

3. That on January 3, 1951, defendants, and each of them, entered into a building contract with Peter L. Marzano (hereinafter called Marzano for brevity) for the construction of a building by Marzano for defendants, and each of them, which contract, among other things, contained the following language:

"The contractor shall submit to the owner at the end of each month during the construction a statement· for labor and materials actually used in the said construction during that month, and the owner shall pay to the said contractor the amount of such statement at the end of each month, less 20% of such statement; that the 20% monthly accumulation shall be paid by the owner to the contractor at the expiration of thirty-five (35) days from the completion of said construction and the filing of a notice of completion in the County Recorder's Office; that the last payment to be made by the owner to the contractor at the expiration of said thirty-five (35) day period· shall include the said 20% monthly accumulation and any and all other sums to make up the said total of  *  *  *."

4. That on January 9, 1951, plaintiff issued its California Contract Bond as surety for said Marzano, which bond is a combined form of performance and labor and material coverage, the labor and material coverage being specifically, by the terms of the coverage, for the purpose of complying with the California Mechanic's Lien Laws; that said bond, provided, among other things:

"Subject, However, To the Following Conditions:

"First: That in the event of any default on the part of the Principal, written notice thereof shall be given to the Surety as promptly as possible, and in any event within ten (10) days after such default shall have become known to the Owner or to any representative of the Owner authorized to supervise the performance of said contract. If the Principal shall abandon said contract or be compelled by the Owner to cease operations thereunder, the Surety shall have the right to proceed or procure others to proceed with the performance of such contract, and all reserves, deferred payments and other moneys provided by said contract to be paid to the Principal shall be paid to the Surety at the same times and under the same conditions as by the terms of said contract such moneys would have been paid to the Principal had the contract been performed by the Principal, and the Surety shall be entitled thereto in preference to any assignee of the Principal, or any adverse claimant; but if the Owner shall complete or re-let the said contract, all reserves, deferred payments and other moneys remaining after payment for such completion, shall be paid to the Surety or applied as it may direct to the settlement of any obligation incurred hereunder.

"Second: That the Owner shall faithfully perform all of the terms, covenants and conditions of ˙such contract on the part of the Owner to be performed; and shall also retain the last payment and all reserves and deferred payments until the complete performance of said contract, and until the expiration of

the time within which notice of claims or claims of liens by persons performing work or furnishing materials, appliances, teams or power under said contract may be filed, and until all such claims shall have been paid, unless the Surety shall consent, in writing, to the payment of said last payment, reserves or deferred payments."

5. That Marzano did not complete the building and in fact abandoned it and thereafter filed a voluntary petition in bankruptcy on July 13, 1951.

6. That pursuant to reservation of rights agreements and without prejudice to the rights of both plaintiff and defendants, and each of them, plaintiff undertook completion of the building and said building was completed by plaintiff for the sum of $2,881.31, which is a reasonable sum for such completion work.

7. That pursuant to reservation of rights agreements and without prejudice to the rights of plaintiff and defendants, and each of them, plaintiff paid the sum of $7,281.61 to satisfy valid and existing lien claims against the building and property of defendants, and each of them, as follows:

| | |
|---|---|
| Leo G. Cheim | $3,028.28 |
| Somers, O'Rear & Stephan | 1,865.00 |
| Western Sheet Metal Works | 881.00 |
| Garden City Plumbing Company | 1,507.33 |
| Total | $7,281.61 |

8. That defendants, and each of them, made the following payments in connection with the building contract:

| Date | To Whom Paid | Amount |
|---|---|---|
| February 2, 1951 | Marzano | $4,384.00 |
| March 16, 1951 | Marzano | 1,500.00 |
| April 2, 1951 | Marzano | 5,334.00 |
| April 19, 1951 | Marzano | 1,000.00 |
| May 4, 1951 | Marzano and Field Electric | 500.00 |
| May 4, 1951 | Marzano | 296.00 |
| May 21, 1951 | Marzano | 600.00 |
| June 3, 1951 | Marzano | 868.88 |
| July 6, 1951 | Marzano | 352.88 |
| July 6, 1951 | Marzano and Joe Rinauro | 1,400.00 |

Of the above listed payments, the payments made on March 16, 1951, April 19, 1951, May 21, 1951 were premature and a departure from the contract between defendants, and each of them, and Marzano.

9. In addition to the premature payments, the billings of Marzano to defendants, and each of them, for the other payments which were made included items other than "labor and material actually used in the said construction during that month" such as Marzano's profit; that said payments made pursuant to said billings constituted a material and substantial departure from the contract between Marzano and defendants, and each of them.

10. That plaintiff did not consent to any of the foregoing departures from the contract between Marzano and defendants, and each of them, in the manner of payment to Marzano.

11. That the specifications referred to in the contract between Marzano and defendants, and each of them, contained the following:

*"Authorizations for Additional Work:*

"At any time before completion of the work, the Owner may order additions, omissions, or alterations to or in the work, but no such change will be made except by written agreement signed by the Owner and contractor, including cost ad-

justment and additional time, if any."

12. That for some time, and in any event at least from and after May 4, 1951, defendants, and each of them, had knowledge that Marzano was experiencing serious difficulty in meeting his obligations under the building contract.

13. That defendants, and each of them, did not notify plaintiff that Marzano was experiencing serious difficulty in meeting his obligations.

### Conclusions of Law

1. This Court has jurisdiction of the parties and of the subject matter of the within proceeding.

2. That the defendants, and each of them, owed a duty to plaintiff to abide by the terms of their contract in the manner of payment to Marzano and that their failure to abide by said contract by departing therefrom in making premature payments to Marzano and payments which were not in accordance with said contract were material and substantial variations and were prejudicial to the plaintiff.

3. That defendants, and each of them, were required by the bond issued by plaintiff to give written notice to plaintiff that Marzano was experiencing serious difficulty in meeting his obligations under the building contract.

4. That the failure to so notify plaintiff constituted a breach of the bond.

5. That the conduct of defendants, and each of them, in departing from their contract in the manner of payment to Marzano constituted a breach of the bond written by plaintiff.

6. Under and pursuant to the Mechanic's Lien Laws of the State of California, the liability of plaintiff to lien claimants remained notwithstanding the conduct of defendants, and each of them.

7. That plaintiff, having advanced the sum of $10,162.92 in completion and satisfaction of lien claims, as found by this Court, pursuant to reservation of rights agreement, is entitled to a total award of $10,162.92 with interest.

8. That plaintiff is not entitled to reimbursement for attorneys' fees and costs incurred in the settling of claims and completing the building, pursuant to non-waiver and reservation of rights agreements.

9. That the provision of the specifications authorizing the owner to order additions, omissions or alterations in the work does not apply to the manner of payment to Marzano and the existence of said provision does not constitute any consent of plaintiff, in advance, to the departures from the contract made by defendants, and each of them.

An order and judgment in accordance with the foregoing opinion is to be prepared and submitted.